```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**GARY SMITH,**

        **Plaintiff,**

  vs.                                  **Civil Action 2:15-cv-2884**
                                              **Chief Judge Sargus**
                                              **Magistrate Judge King**

**OHIO STATE HIGHWAY PATROL,** *et al.,*

        **Defendants.**

<u>OPINION AND ORDER</u>

      This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff alleges that defendant Allwine subjected plaintiff to excessive force and denied plaintiff medical care for injuries allegedly sustained during the course of plaintiff's traffic stop. Plaintiff also asserts supplement state law claims of assault and battery, infliction of emotional distress, recklessness, and negligence. Plaintiff also asserts state law claims of *respondeat superior,* and negligent supervision, retention and training against defendant Ohio State Highway Patrol. Defendants filed a motion to dismiss for failure to state a claim for relief and for lack of jurisdiction. *Motion to Dismiss*, ECF No. 3. This matter is now before the Court on plaintiff's *Motion for Leave to File an Amended Complaint,* ECF No. 5 ("*Motion to Amend*").

      Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2).  "[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of*

1

*Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, leave to amend is properly denied where the claim sought to be asserted by the amendment would not survive a motion to dismiss. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint. . . when the proposed amendment would be futile.")

The proposed *Amended Complaint*, attached to the *Motion to Amend,* ECF No. 5-1, would continue to assert claims under both federal and state law against both the state agency and defendant Allwine, but makes clear that the federal claims asserted against defendant Allwine are asserted against him in his individual capacity. The Court concludes that it lacks jurisdiction to entertain any claims against the defendant state agency and claims under state law against defendant Allwine. The Court will therefore grant the *Motion to Amend* in part and deny the *Motion to Amend* in part.

The defendant state agency is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States

2

Case: 2:15-cv-02884-EAS-KAJ Doc #: 15 Filed: 01/13/16 Page: 3 of 4 PAGEID #: 78

Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). The Court therefore lacks jurisdiction to entertain any of the claims sought to be asserted in this action against defendant Ohio State Highway Patrol.

In addition to asserting federal claims against defendant Allwine in his individual capacity, the proposed *Amended Complaint* also seeks to assert claims against defendant Allwine for violations of state law. State employees are vested with immunity from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the officer's . . . actions were manifestly outside the scope of his employment . . ., or unless the officer . . . acted with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 9.86. However, it is the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the officer . . . is entitled to personal immunity under section 9.86. . . ." O.R.C. § 2743.02(F). Thus, a federal court cannot exercise supplemental jurisdiction over state law claims against a state employee in his individual capacity until such time as the cause of action is recognized under state law, *i.e.,* until the Ohio Court of

3

Claims determines that the employee is not entitled to immunity under O.R.C. § 9.86. *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989). Thus, unless and until the Ohio Court of Claims determines that defendant Allwine may not invoke the immunity from civil liability conferred by O.R.C. § 9.86, this Court has no jurisdiction to consider the state law claims asserted against him.

Accordingly, plaintiff's *Motion for Leave to File an Amended Complaint,* ECF No. 5, is **GRANTED in part and DENIED in part**. To the extent that the proposed *Amended Complaint* asserts federal claims against defendant Allwine in his individual capacity, the *Motion for Leave to File an Amended Complaint* is **GRANTED**.

The Clerk is **DIRECTED** to file and docket the tendered *Amended Complaint,* which is attached to the *Motion to Amend*.

With the grant of plaintiff's *Motion to Amend,* defendants' *Motion to Dismiss,* ECF No. 3, is now moot. The Clerk is **DIRECTED** to remove that motion from the Court's pending motions list.

                                            *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                    United States Magistrate Judge

January 13, 2016